## Lee, Appellant, *v.* Lee.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James R. Caiola,* for appellant.

*Robert W. Tredinnick,* with him *Smillie, Bean, Davis & Tredinnick,* for appellee.

OPINION BY ERVIN, J., January 21, 1958:

On July 21, 1953 the plaintiff, Arthur Lee, filed a complaint seeking a divorce a.v.m. on the ground of desertion. The master found for the plaintiff but the court below sustained exceptions to his report and refused the divorce. The plaintiff appealed.

After having reviewed the evidence de novo, we have reached the independent conclusion that the plaintiff has not met the burden of proof necessary to sustain his action. The plaintiff boarded at a home in Norris-

town, Montgomery County, Pennsylvania. The defendant lived with her mother in Norristown. The parties were married on August 11, 1937 in Washington, D.C. at a time when the defendant was pregnant with plaintiff's child. They had no honeymoon but returned to Norristown immediately after the ceremony. The plaintiff took the defendant to her mother's home and left her there. He went to his boarding house. From that time until the present they have never lived together.

It is the plaintiff's contention that the period of desertion commenced on February 15, 1938. He said that on that date he delivered an ultimatum to his wife. He testified ". . . I was either going to come and live with her or her with me or I was through." It was the plaintiff's duty to establish a home for his wife. He testified that he offered to build a house on a lot next to his greenhouse business. He admitted, however, that in 1941, while being interviewed for the draft, he stated that his financial condition was such that he could not provide a home for his wife. He also testified that he spoke to his wife about living at a place on Markley Street, yet he could not even remember whether it was a house or an apartment and he admitted that he had not gone to see it. The wife denied that either offer had been made. We do not believe the plaintiff ever made a bona fide offer to establish a home for the defendant.

The plaintiff also testified that his wife refused to allow him to live with her in her mother's home. The plaintiff admitted, however, that he said: "If I did come to live with you, everytime we would have another child or somebody would get sick, I would have to move out." His answer is an implied admission of the wife's offer. The lack of faith in his cause was demonstrated when his wife told him he had no grounds for divorce and he replied that he could go to another

state and get one. Plaintiff relies upon the case of *Hunter v. Hunter*, 152 Pa. Superior Ct. 453, 33 A. 2d 530, as authority that a divorce may be granted where the parties have never lived together nor had a common habitation. In that case we held that even if there never had been a common habitation, a divorce could still be granted upon the ground of desertion if it could be shown that the failure to have a common habitation was caused by the refusal of the wife to join with the husband in forming such habitation. That was an uncontested case and the lower court had refused the divorce merely upon the question of law. We, however, reversed the court below and granted the divorce. In this case there is an issue of fact to be determined and it is our duty to carefully review all of the testimony, determine the credibility of the witnesses and ultimately determine the true facts. The defendant says that on numerous occasions she sought to have plaintiff provide a home where they could live together or to have him come to live with her in her mother's home where a room was available. She said: "There never was any answer, or he just evaded talking about it."

The burden of establishing the plaintiff's charge of wilful and malicious desertion by clear and convincing evidence rested upon him: *Donald v. Donald*, 155 Pa. Superior Ct. 90, 38 A. 2d 376. Upon an even balance of testimony a decree of divorce will not be granted: *Murfit v. Murfit*, 134 Pa. Superior Ct. 327, 3 A. 2d 1020. While a divorce action may be sustained upon the testimony of the plaintiff alone, where such testimony is contradicted and shaken by the defendant, there must be convincing circumstances which warrant a disregard of the defendant's evidence: *Cobaugh v. Cobaugh*, 146 Pa. Superior Ct. 521, 22 A. 2d 764. When a defendant has left the common habitation of the plaintiff and defendant, the burden of proof shifts to

the defendant and the defendant must produce evidence to show that the separation was consentable or that there was reasonable cause for withdrawal: *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 191, 116 A. 2d 248. But where the defendant has not separated herself from the common habitation of the parties, the burden does not shift. Even where the plaintiff makes an offer to commence cohabitation, the burden does not shift to the defendant to prove that the offer was not made in good faith: *Michell v. Michell,* 134 Pa. Superior Ct. 230, 238, 3 A. 2d 955.

The Act of May 2, 1929, P. L. 1237, §10, as amended, 23 PS §10, provides that it shall be lawful for the injured and innocent spouse to obtain a divorce whenever the other spouse "Shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years; . . . ." The parties never having lived together, the plaintiff had the burden of proving that he made a bona fide offer to the defendant to come and live with him in a suitable habitation and that she refused to do so. It would serve no useful purpose for us to make further reference to the testimony on this point. Suffice it to say that we are convinced the plaintiff did not adequately meet the burden of proof imposed upon him.

The plaintiff also argues that his plea of guilty on April 6, 1942 to a charge of adultery and bastardy should not have been admitted. He relies upon the case of *Bock v. Bock,* 162 Pa. Superior Ct. 506, 58 A. 2d 372, where we held that the alleged adultery, committed after the right to a divorce had accrued, does not prevent a decree in divorce. Without considering this evidence, we are of the opinion that the plaintiff has failed to prove that the defendant wilfully and

maliciously deserted him. We have held in a long line of cases, including the recent case of *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 267, 130 A. 2d 265, that "Evidence of the conduct of the parties after separation is relevant for the purpose of shedding light upon their behavior prior to the separation." The evidence is admissible.

In this case we are not obliged to determine whether plaintiff was an injured and innocent spouse. He failed to prove that defendant wilfully and maliciously deserted him. Whether he was an injured and innocent spouse is therefore immaterial.

Decree affirmed.