Evanuik, Appellant, *v.* University of Pittsburgh et al.

288

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Daniel M. Berger*, with him *Berger & Kapetan*, for appellant.

*John R. McGinley, Jr.*, with him *Frank R. Fleming, III, Irvin Bails*, and *Grogan, Graffam & McGinley*, for appellees.

OPINION BY PRICE, J., April 22, 1975:

This appeal follows a jury verdict which held Karen Fishell, the additional defendant below, liable to the plaintiff in negligence. The jury exculpated appellee, University of Pittsburgh, Western Psychiatric Institute

and Clinic (WPIC) of liability, finding either that WPIC was not negligent or that WPIC's negligence was not the proximate cause of the death of Darlene Dobrushin, the decedent. Post-trial motions were filed and denied by the lower court en banc.

On this appeal, appellant-administratrix of decedent's estate, Kate Evanuik, alleges two errors which she believes warrant the granting of a new trial: (1) that prejudicial error resulted when the lower court refused to permit the cross-examination of appellee's executive director concerning literature in the fields of psychiatric nursing and hospital practice, and (2) that the lower court erred in admitting into evidence Karen Fishell's guilty plea to the general charge of murder. We find these contentions to be without merit and will affirm the order of the court below.

The facts which gave rise to the instant wrongful death and survival actions were established at trial. Karen Fishell, the additional defendant below, while a patient at WPIC, walked out of the institution without being seen and went to her apartment to retrieve a gun purchased before her commitment. She then proceeded to the apartment of a former boyfriend. Upon finding him there with Darlene Dobrushin, Karen drew the revolver and shot and killed Miss Dobrushin. The administratrix of Miss Dobrushin's estate instituted this action against WPIC, which in turn joined Karen Fishell as additional defendant.

At trial, appellant contended that WPIC, through its agents and employees, had knowledge of Miss Fishell's suicidal and homicidal tendencies, and was negligent in failing to restrain her. In an effort to prove the alleged negligence of WPIC, appellant called the executive director, Harry Dorsey, as on cross-examination, and elicited information concerning WPIC's procedures and controls for confining its in-patients. Appellant's counsel asked

the director whether WPIC received certain publications[1] and relied on them to keep abreast of changes in hospital care. Mr. Dorsey indicated that several of the publications were received at the hospital and that upon occasion an article contained therein was relied upon in determining the management of WPIC. However, when presented with specific articles, Mr. Dorsey testified that he had not read the articles and was not familiar with their contents. Furthermore, Mr. Dorsey did not recognize the publications as standard works in the field of psychiatric care which are generally relied upon by experts in the field.

The opinion of an expert witness may be tested by reference to standard works, *Cummings v. Nazareth Borough*, 430 Pa. 255, 242 A.2d 460 (1968), or to the works of others which the witness considered in forming his opinion. VI Wigmore, *Evidence*, §1700(b) (3d ed. 1940). It is also proper, as in the instant case, to show that an expert is unfamiliar with the literature in a particular field. *Cummings v. Nazareth Borough, supra.* In the instant case, however, appellant failed to prove that Mr. Dorsey was familiar with the content of any of the articles in question, and also failed to produce her own expert to verify that these particular publications are universally accepted as standard works by authorities in the field. Moreover, appellant introduced no testimony as to what information and accepted sources the authors of the articles used to compile their materials. Under these circumstances, appellant's effort to use the articles was an attempt to introduce data based on statements made by a person out of court and not subject to cross-

---

1. The publications in question included "Hospitals," the American Hospital Association's journal; "Hospital Practices;" "American Journal of Nursing," the official magazine of the American Nursing Association; and five books dealing with psychiatric nursing.

examination. *Grantham v. 'Goetz,* 401 Pa. 349, 164 A.2d 225 (1960). Therefore, no proper foundation was laid on which to cross-examine Mr. Dorsey as to the contents of the articles.

In addition, at no time during trial was Mr. Dorsey asked whether he recognized particular regulations or standards in the field of psychiatric hospital administration or whether WPIC conformed its policies to any specified standards. Consequently, Mr. Dorsey did not express an opinion which was subject to the proposed cross-examination. For these reasons, the lower court properly refused to permit appellant's counsel to read parts of articles into the record and then to elicit Mr. Dorsey's agreement or disagreement with the contents.

It must be noted that appellant's stated purpose in questioning Mr. Dorsey as to the content of the articles was to determine "whether he relied on any of the things as set forth" therein. [NT 31a]. Mr. Dorsey could hardly have relied upon written materials of which he had no knowledge. For this reason as well, the lower court properly ruled that the cross-examination requested by appellant was improper.

Appellant's second contention, that WPIC's admission into evidence of Karen Fishell's guilty plea to the charge of murdering Darlene Dobrushin constituted prejudicial error, is likewise without merit. A relevant admission made by a party is always admissible. *Lee v. Lee,* 185 Pa. Superior Ct. 252, 137 A.2d 827 (1958). Likewise, convictions of felonies are also admissible in a civil suit where the same issue, question, or claim is involved. *Greenberg v. Aetna Insurance Company,* 427 Pa. 511, 235 A.2d 576 (1967).

The instant suit involved the issue of who was liable in damages to the estate of the decedent, based on a theory of wrongful death. In order to recover in an action for wrongful death, the plaintiff must prove that the

decedent's death was caused by violence or negligence and that no action was brought by the injured party during his or her lifetime. Act of April 15, 1851, P.L. 669, §19 (12 P.S. §1601) ; *Taylor's Estate*, 179 Pa. 254, 36 A. 230 (1897). The admission by Karen Fishell that she shot and killed Darlene Dobrushin was relevant to the question of what caused the decedent's death, and her plea of guilty to a general charge of murder was evidence of the violent nature of the act which caused the death. Therefore, the lower court acted properly in receiving the plea into evidence in the instant suit.

Moreover, Karen Fishell was joined as additional defendant on the theory that her actions were unforeseeable to WPIC, and that they constituted an intervening and superseding force sufficient to absolve WPIC of liability to the appellee.

The Pennsylvania Supreme Court has stated that the question of whether a defendant's negligence was a proximate cause of the injury is ordinarily to be decided by the fact-finder. *Kite v. Jones,* 389 Pa. 339, 132 A.2d 683 (1957) ; *Nirdlinger v. American District Telegraph Company,* 245 Pa. 453, 91 A. 883 (1914). Only where the relevant facts are not in dispute and the remoteness of a causal connection between defendant's negligence and the injury clearly appears from the evidence does the question become one of law. *Kite v. Jones, supra.* In the instant case, whether the alleged negligence of WPIC and/or Karen Fishell proximately caused decedent's death did not so clearly appear from the evidence that the question could be removed from the jury. The jury decided that WPIC's negligence, if any, was superseded by Karen Fishell's acts. This determination will not be reversed on appeal. *Cf. Landis v. Conestoga Transportation Company,* 349 Pa. 97, 36 A.2d 465 (1944).

Judgment affirmed.