Wheeling-Pittsburgh Steel Corporation, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 6, 1979, before Judges CRUM-LISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Daniel Myshin*, for appellant.

*Ward T. Kelsey*, Assistant Attorney General, with him *Joseph R. Worden*, Legal Intern, for appellee.

OPINION BY JUDGE MACPHAIL, May 15, 1980:

Wheeling-Pittsburgh Steel Corporation (Appellant) received a citation for violating the Air Pollution Control Act, Act of January 8, 1960, P.L. (1959) 2119, *as amended*, 35 P.S. §4001 et seq. because of visible emissions of greater than sixty percent opacity. Appellant was found guilty by a district justice of the peace and appealed to the Court of Common Pleas of Westmoreland County. The lower court dismissed the appeal. We affirm.

Appellant argues before this Court that (1) the lower court improperly limited Appellant's cross-ex-

amination of the Commonwealth's witness and (2) that the court dismissed the appeal from a summary conviction, but failed to enter a judgment and impose sentence. Inasmuch as judgment of sentence has been entered in compliance with an order of this Court entered sua sponte the 29th day of January 1980, the latter issue is now moot.

With respect to the alleged error at trial, the record shows that the Appellant was allowed to bring to the attention of the Commonwealth's expert witness an article from a publication of the Natural Resource Section of the American Bar Association. When questioned about this article, the witness said he had not read it and was not familiar with the authors of the article. Thereupon, the court curtailed further questions on cross-examination, indicating to counsel for Appellant that he could properly use the material in argument or in Appellant's own case but, under the circumstances, not for cross-examination. Counsel for Appellant did not mention the article again.

Appellant never established that the article is authoritative in the field of Air Quality Control, nor that the witness should have read it.

An expert witness may be cross-examined on a work that he or she relied on in forming an opinion and on any work the witness recognizes as authoritative in the field. *Brannon v. Lankenau Hospital,* 254 Pa. Superior Ct. 352, 385 A.2d 1376 (1978); *Evanuik v. University of Pittsburgh,* 234 Pa. Superior Ct. 287, 338 A.2d 636 (1975). However, reference to the contents of a work is clearly improper where neither of the aforementioned tests is met and there is no other evidence that the work is authoritative in the field. *See Evanuik, supra,* at 291, 338 A.2d at 638.

Appellant's reliance on *Cummings v. Nazareth Borough,* 430 Pa. 255, 242 A.2d 460 (1968) on this issue is misplaced. In the *Cummings* case, the specific

exception to the trial court's handling of authoritative manuals was that the trial court permitted plaintiff's counsel to refer to the manuals, yet would not permit the manuals to go out with the jury. The court held that the trial court did not err because it was entirely proper for counsel to call a witness's attention to published works on the matter that is the subject of the witness's testimony. The court did not hold that the opposing side could establish its case by cross-examining a witness as to the validity of published material he had not read by authors he did not recognize as authorities in the field. Under all the circumstances in the case now before us, the action of the trial court was not an abuse of judicial discretion.

## ORDER

AND NOW, this 15th day of May, 1980, the judgment of sentence of the Court of Common Pleas of Westmoreland County entered the 10th day of March, 1980, is affirmed.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.