## Latchaw v. Sharp

*Bruce C. Bankenstein,* for plaintiff.

*James N. Phillips, K. F. Ralph Rochow,* for defendant.

BUCKINGHAM, *J.,* April 21, 1982 — In February of 1976, Oscar F. Sharp killed Delores M. Allison by shooting her with a shotgun in her mobile home. This suit was filed soon thereafter as a wrongful death and a survival action. Criminal proceedings against Sharp were pursued by the District Attorney. A conviction of murder in the first degree was obtained in 1977, but the same was overturned by the York County Court upon procedural defects requiring a new trial. The new trial was held in 1979 with another conviction of murder in the first degree being obtained. Defendant pursued his appeals from that conviction through to the Supreme Court of Pennsylvania which affirmed that judgment and sentence thereupon in 1980. Trial in this civil case was held up pending the outcome of that criminal prosecution and the finality of all appeals therein. By doing so, proof of liability would not have been necessary, except for the proof of that conviction, and judicial economy was thereby fostered.

In 1980, this case was listed as being considered for termination due to inactivity. A letter objecting to such termination was filed by plaintiff's counsel with the court administrator in a timely manner, with a proper copy being filed with the prothonotary. Unfortunately, that letter was lost or misplaced by the court administrator's office, and was never presented to the court at the time scheduled for the review of the termination of the cases, and the case was inadvertently terminated.

Immediately upon learning of such termination, plaintiff filed a motion to reinstate, and a hearing was held thereon by the court. At that time, the court administrator testified that plaintiff's counsel had done all that was appropriate to be done to prevent this case from being terminated by the filing of that letter with the proper objections being noted therein. Consequently, on November 13, 1981, we ordered the case to be reinstated for trial.

At the time of trial, we made a preliminary ruling that evidence of the conviction of murder in the first degree was sufficient to establish the liability of defendant in this case. Thereupon, defendant stipulated that he was convicted of murder in the first degree, but reserved his right to appeal this issue of the effect of the criminal conviction.

The jury returned with a verdict of $60,000 under the Survival Act, $20,139.17 under the Wrongful Death Act, and $5,000 as punitive damages. There were no objections to this court's instructions to the jury.

The matter is before the court en banc on defendant's motion for a new trial, for judgment N.O.V. and for remittitur.

The issues are:

1. Whether this court properly reinstated this case for trial.

2. Whether the conviction of the defendant of murder in the first degree is admissible in this civil action as conclusive evidence of the facts established by that verdict.

3. Whether this court was correct in not requiring the future lost wages of the decedent to be reduced except by reasonable maintenance costs.

We believe the court properly reinstated the case for trial. In his brief presented at the time of the hearing upon reinstatement, defendant cites older cases that deal only with non pros of cases or attempts to open default judgments. That is not the issue involved in this case.

We proceed, in terminating cases during 1980, pursuant to local Rule 255 which has been promulgated pursuant to Pennsylvania Rules of Judicial Administration 1901. These Rules are specific in their scope and effect, and are distinct matters to be considered in and of themselves.

These rules direct termination of cases where written objection to termination has not been filed. These rules also require the court to consider any written objections filed. Local Rule 255(g). Written objections were filed in this case, but were not considered by this court, which prejudiced plaintiff. That written objection fully explained the reasons behind the alleged inactivity of the case. Furthermore, even though this case had frequently been listed for trial, it was not brought to trial previously as a result of frequent changes of attorneys by defendant, and as a result of continual request for continuances by those attorneys for defendant.

Local Rule 255(i), and Pa. R.J.A. 1901 (c) establish that this court may reinstate a terminated case upon the showing of good cause. That is the sole criteria to be used in considering this case. As a result,

the reinstatement of a case is within the sound discretion of this court.

As held in White Oak Village, Inc. v. Mobile Pipeline Company, 16 D.&C. 3d 623 (1980), the purpose of Pa. R.J.A. 1901 would not be furthered by terminating a case where the inactivity upon the record is caused by events not within the plaintiff's control. In this case, the overruling of the first criminal conviction and the full pursuance of all appeals from the second conviction by defendant, as well as the string of changes in attorneys by the defendant and the requests for continuances by the defense, were all beyond the control of plaintiff in this case. Moreover, the inadvertent misplacing or losing of plaintiff's objection to termination by the court administrator's office is wholly beyond the control of plaintiff. Plaintiff had taken all appropriate procedures to see that this case was not terminated, and it is certainly within the sound discretion of this court to reinstate this case which had been inadvertently terminated. Nor has defendant been prejudiced in any way whatsoever. No proof was shown at the hearing to establish prejudice to defendant, and any delay resulting from the delay in obtaining the murder conviction aids judicial economy instead of hampering justice. The defendant had full and adequate opportunity to present an appropriate defense to the criminal charges during the criminal trials. If the same were concluded with a conviction, he cannot complain if that conviction is affirmed. Such conviction obviates the need for proving liability, and therefore actually improves the administration of this case.

As we have said, we believe the court acted well within its discretion to reinstate this case.

We hold that the conviction of the defendant of murder in the first degree is admissible in this civil

action as conclusive evidence of the facts established by that verdict.

The record of defendant's prior criminal conviction may be introduced in a civil action involving the same facts and issues, and is conclusive evidence of those facts established by that criminal conviction. Hurtt v. Stirone, 416 Pa. 493, 206 A.2d 624 (1965) see also, Lebanon v. District Council 89, 36 Pa. Commw. 442, 388 A.2d 1116 (1978).

The law of Pennsylvania now holds that the criminal conviction of a defendant for the same matter at issue in a civil case is admissable to prove conclusively the elements of the crime for which he was convicted. The Pennsylvania Supreme Court has decided that such conviction is admissible in a civil case since he had more than ample opportunity to overcome the criminal charges while he was swathed in a cloak of presumed innocence since his guilt was determined upon the same facts as presented in the civil action, and since it is not believeable to say that the defendant would not have presented his best defense in facing the criminal charges and possible sactions from them, the court reasoned that to hold otherwise would be a general indictment of our jury system. All material elements of the crime must have been proved beyond reasonable doubt, and so found by a unanimous jury of twelve. Those requirements are far stronger than in any civil case. Therefore, if the elements of the crime for which the defendant is convicted are the same as the issues involved in the civil action, that prior conviction is admissible and is conclusive evidence of the facts established by the verdict in that criminal trial.

Accordingly, in Hurtt v. Stirone, supra, upon proof of the conviction of the defendant of the crime of extortion in a civil suit to recover the extorted

money, the trial judge directed verdict to be entered by the jury in favor of plaintiff in the amount of the extorted sum. The Supreme Court affirmed that case.

In Pennsylvania Turnpike Commission v. U.S. Fidelity and Guarantee Company, 412 Pa. 222, 194 A.2d 423 (1963), the court held that a prior conviction of conspiracy to defraud the Turnpike Commission established the breach of the conditions of the errors and omissions bond which insured against the effects of such a fraud. Judgment on the pleadings in favor of plaintiff to recover on that bond was affirmed by the court.

Likewise, the Evanuik v. Unversity of Pittsburgh Western Psychiatric Institute and Clinic, 234 Pa. Super. 287, 338 A.2d 636 (1975), the court specifically held that the defendant's plea of guilty to murdering plaintiff's decedent was admissible in a subsequent wrongful death action. The court found that the guilty plea was relevant to the question of what caused the death, and was evidence of the violent nature of the act which caused the death. See also, Cromley v. Gardner, 253 Pa. Super. 467, 385 A.2d 433 (1978).

Similarly, the record of conviction and judgment of sentence for murder has been held to be a conclusive bar to the slayer's right to take against a will so that an orphan's court is barred from relitigating the issues established by that conviction. In Re Kravitz Estate, 418 Pa. 319, 211 A.2d 443 (1965). That case has been recently upheld and explained in In Re Estate of Klein, 474 Pa. 416, 378 A.2d 1182 (1977). "Kravitz followed the principle that when a criminal conviction is introduced in a civil proceeding, it conclusively establishes in the civil proceeding those facts logically necessary to the convictions." 378 A.2d at 1184.

The cases cited by defendant are outdated, and have all been replaced by the doctrine set forth in the cases cited above.

Unquestionably, a conviction of murder in the first degree is admissible in a civil case involving the same issue, question or claim, and is conclusive proof of those issues. See also Greenburg v. Aetna Insurance Company, 427 Pa. 511 n.3, 235 A.2d 576 (1967). In the present case, defendant's conviction of murder in the first degree establishes his civil liability to plaintiff. We note parenthetically, that the court permitted the defendant to testify how the shooting occurred in order to show that the killing was not intentional or malicious, but rather accidental.

We believe the court was correct in not requiring the future lost wages of the decedent to be reduced except by reasonable maintenance costs.

Defendant asserts that the court erred in refusing to hold that any future lost wages had to be reduced by income taxes. The court was correct. Gradel v. Inouye, 491 Pa. 534, 421 A.2d 674 (1980). It has also been established as the law of Pennsylvania that future earning capacity is not to be discounted to present value, Kaczkowski v. Bolubasz, 491 Pa. 561, 421 A.2d 1027 (1980). As a result of that case, all that need be determined is the calculation of the defendant's gross earnings between the date of death and her life expectancy from which amount would be deducted the costs of her necessities. No discount to present worth may now be allowed.

Defendant asserts, though, that without such evidence, the jury may have returned an excessive verdict. That is not the case.

The testimony of the actuary as for lost future earnings of decedent established two figures. The

low figure was in excess of $60,000 and the high figure was more than $100,000.

Under the Survival Act, the damages that are appropriate to be awarded include lost future wages and damages for pain and suffering. In this case, Mrs. Allison was shot at her trailer in the evening, and lingered in a conscious by excruciatingly painful state until her death the next morning. Substantial testimony was presented regarding her pain and suffering during the hours before her death. We believe that the $60,000 award under the survival action is not excessive.

Defendant contends that the court should have allowed testimony showing that the minor in this case, Linda Ort, the daughter of decedent, was not the daughter of plaintiff, that she has a father who is presently alive and financially capable of supporting her. The court refused to permit this inquiry on the ground it would in effect be trying a paternity action in a tort case, and in any event, it was irrelevant who her father was. We think the court was correct.

Under the Wrongful Death Act, damages are appropriately awarded for the support of a dependent where that dependent is in fact dependent upon the decedent. Substantial testimony was presented to show that Linda Ort lived with and was dependent upon her mother for her support. That is all that is necessary to be established to allow the award for these damages. Clearly, the decedent was responsible for the support of her daughter, without regard to the availability of support from any other parent. Since defendant cites no authority in support of his proposition, we give it no weight.

In view of what we have said we shall enter an order dismissing the defendant's post verdict motions.

## ORDER

And now, April 21, 1982, defendant's motion for a new trial, judgment N.O.V. and remittitur are dismissed, and the prothonotary is directed to enter judgment in favor of plaintiff and against defendant in the amount of the verdict.

An exception is granted to defendant.