## Thiel v. Greenwich Collieries Co.

*George Shorall,* for plaintiffs.
*Robert A. Rose,* for defendants.

RUDDOCK, *J.,* August 22, 1985—This matter is before the court on defendant's motion for partial summary judgment.

The court has determined that defendant's motion is granted.

## DISCUSSION

Plaintiffs bring this action seeking recovery for damages allegedly caused by defendant's mining activities. In the complaint's second count, plaintiff-wife claims that her pre-existing diabetic condition was aggravated. It is to this second count that defendant files the motion for partial summary judgment which is presently before the court. Defendant argues that plaintiff-wife cannot be compensated for her injuries under either a negligence theory of the common law or the Bituminous Mine Subsidence and Land Conservation Act, 52 P.S. §1406.1 et seq. (Subsidence Act).

"A motion for summary judgment can be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 6 Standard Pennsylvania Practice 2d, paragraph 32:6. For the reasons which follow, this court rules that defendant's motion for partial summary judgment should be granted as to Count II of the complaint.

The test for determining if plaintiff has set forth a cause of action for the negligent infliction of emotional distress includes a consideration of:

"(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

"(2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.

"(3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." Sinn v. Burd, 486 Pa 146, 170, 404 A.2d 672, 685 (1979).

Implicit in these factors is the requirement that there be an accident involving a physical injury to someone closely related to plaintiff and occurring while plaintiff was nearby. Nowhere in plaintiffs' complaint are there any allegations which remotely resemble what is required by the Sinn case. Plaintiff-wife is seeking damage for an aggravation of an existing medical condition, allegedly caused by defendant's mining operation, which resulted in property damage to plaintiffs' home. There is no averment that she witnessed an injury to her husband or any other family member. Even the case cited in plaintiffs' brief, Boushell v. J. H. Beers, Inc., 215 Pa. Super. 439, 258 A.2d 682 (1969), required plaintiff to prove that the aggravation of his existing ulcer was caused by a physical injury before he could recover damages for such aggravation. In the instant case, plaintiff-wife suffered no direct physical harm as a result of defendant's actions.

In addition, the Subsidence Act does not provide recovery for the types of injuries allegedly suffered

by plaintiff-wife, 52 P.S. §1406.1 et seq. The act's legislative findings and declaration of policy speak of concern for the damages caused by mining and the protection of surface structures from such damage, 52 P.S. §1406.3. "Any dwelling used for human habitation . . . overlying or in proximity of the mine" is protected against damage from cave-in, collapse or subsidence, 52 P.S. §1406.4(2). As a result, the court concludes that damage recovery for the negligent infliction of emotional distress or for an aggravation of a medical condition without physical injury is not contemplated by the Subsidence Act.

## ORDER OF COURT

And now, August 22, 1985, defendant's motion for partial summary judgment is hereby granted.