Boushell et ux., Appellants, *v.* J. H. Beers, Inc.

Argued September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Pentz, Jr.,* with him *Achterman & Pentz,* for appellants.

*Edward H. Hoffner,* with him *Robinson & Hoffner,* for appellee.

OPINION BY JACOBS, J., November 13, 1969:

On June 17, 1960, and for some time prior thereto, the appellee engaged in building a ramp to Interstate Route 80. The ramp adjoined the lawn area on the south side of appellants' house and lot. In constructing the ramp, appellee broke large rocks by use of a crane which lifted and dropped an 8000-pound steel ball from heights as high as 25 feet. The operation caused vibrations to appellants' house and threw pieces of rock onto their house and lawn. On June 17, 1960, the husband-appellant heard and felt a crash and ran out of his house to investigate. He claimed that he fell to the ground as the result of having been struck on the head by a rock. He suffered a cut on his forehead and broke his false teeth.

Appellants brought suit in trespass against appellee on two counts. The first count was for damage to the real estate, and the second was for the husband's injuries. The jury returned verdicts for the appellants on both counts. Appellants' motions for new trial were refused and husband- appellant appeals from the judgment entered on his count for personal injuries, claiming inadequacy and errors in the charge.[1]

The husband's verdict was $395. Treatment of his head wound, including x-ray, and repair of his den-

---

[1] Since the appeal the judgment on the first count has been paid in full.

tures cost $275. However, husband spent approximately $2000 more for medical expenses which he claimed were necessitated by the rock hitting his head. They arose in this fashion: For many years, prior to June 17, 1960, husband had a duodenal ulcer. According to the husband, this ulcer was under control until he was hit on the head. Thereafter, his ulcer got worse and finally had to be removed by operation in July 1962. The husband claimed that this aggravation of his ulcer was directly caused by the stress resulting from the blow on his head and, since he received nothing for it, the verdict was inadequate. The verdict returned can easily be supported on the basis that the jury found that the blow to his head did not aggravate his ulcer. Absent such aggravation, the verdict is patently adequate and we will not reverse the lower court's discretion in refusing a new trial for inadequacy.

An examination of the lower court's charge, however, reveals a number of errors of law on causation and damage which require us to grant a new trial. We will reverse the lower court's discretion in granting or refusing a new trial where there was an error of law which controlled the outcome of the case. *Izzi v. Philadelphia Transp. Co.*, 412 Pa. 559, 195 A. 2d 784 (1963).

The major damages claimed by the husband for his personal injuries were based on aggravation of the existing ulcer. If proven to have been caused by the blow to the head, it is clear that the husband can recover for such aggravation. As was said in *Heck v. Beryllium Corp.*, 424 Pa. 140, 143, 226 A. 2d 87, 90 (1966): "Once a finding of negligence became permissible, defendant became 'liable for all harm caused by [its] negligent act though increased by an unknown physical condition. . . .' Offensend v. Atlantic Refin-

ing Company, 322 Pa. 399, 403, 185 Atl. 745, 747 (1936); Restatement 2d, Torts, §461 (1965)." Unfortunately, in the body of the charge, the court instructed the jury that they must find that the blow was the cause of the ulcerous condition without differentiating between the original ulcer and the aggravation. When called to his attention, the judge recognized his error and told the jury that every time he was speaking about causation of the ulcers he meant aggravation of the existing ulcer. We have grave doubt that the jury would understand this correction without considerably more explanation and review of the charge.

The issue of other causes of the aggravation of the ulcer was injected into the case. It was suggested in the testimony that the aggravation might have been caused by the stress of other matters in connection with the road construction since July 1960 rather than by the blow on the head. Thus it became necessary for the court to charge the jury on concurrent causes.

In the course of its charge, after explaining that the plaintiffs must show that the defendant's action was the proximate cause of the injury, the lower court said: "If it is established that the facts complained of were the substantial cause of the injury, then it is said to have been the proximate cause, unless there was a contributing cause without which the event would not have happened." This was incorrect because such a contributing cause "does not relieve the defendant from liability unless defendant shows that such other cause would have produced the injury complained of independently of his negligence." *Menarde v. Philadelphia Transp. Co.*, 376 Pa. 497, 504, 103 A. 2d 681, 685 (1954).

There may be two or more substantial causes which combine to cause an event and, if the defendant's negligence was one of those, the plaintiff may recover al-

though no one cause standing alone would have caused the injury. To escape liability, the defendant must show not only that the other causes contributed but, in addition, that they would have brought about the injury without his wrongful act. Assuming in this case, for the sake of argument, that the stress of the blow and the stress of the general highway construction since July 1960 both worked on the husband and caused the aggravation, although neither standing alone would have brought about such serious aggravation, the husband could recover the full amount of the damages sustained contrary to the lower court's charge if the jury found that the blow was a substantial factor in bringing about the aggravation.[2]

We find no merit in the other objections made by the appellants to the court's charge, and the refusal

---

[2] The following charge was approved in *Menarde v. Philadelphia Transp. Co.*, 376 Pa. 497, 503, 103 A. 2d 681, 685 (1954); "Plaintiff is entitled to recover for all the injuries caused by defendant's negligence. This question of causation of the particular injuries complained of is for you, the Jury, to determine from the evidence before you. For the defendant to be liable for plaintiff's injuries, you need not find that defendant's negligence was the sole cause of such injuries. A wrongful act may be the legal cause of damage though other causes may have joined in producing the final result. It is sufficient if you find that defendant's conduct, or negligence, was a substantial factor in bringing about the injury complained of. That is, if you determine that defendant's negligence was either the sole cause or a substantial contributing cause of the injury, plaintiff is entitled to recover. The fact that some other factor may have been a contributing cause with the negligence of the defendant does not relieve the defendant from liability unless defendant shows that such other cause would have produced the injury complained of independently of his negligence. And, even though concurrent causes may have contributed to plaintiff's injury, if defendant's negligence was a substantial factor in producing the result, in contributing to the injury, defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other cause or causes."

and affirmation of points for charge. The court correctly and adequately covered all the other matters raised.

Appellants ask that a new trial be granted limited to damages. The appellee, however, contests the issue of liability, claiming that the husband in his testimony never said that he was hit on the head by a stone. Since the appellee does not concede liability, and liability is not so clear that reasonable men could not differ on it, we will not limit the new trial. See *Rosen v. Slough,* 212 Pa. Superior Ct. 398, 242 A. 2d 898 (1968).

Judgment on the second count is reversed and a new trial granted.