385 A.2d 433

**Charles E. CROMLEY, Administrator of the Estate of Carl E. Cromley, Deceased, Appellant,**

**v.**

**Michael J. GARDNER.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided April 13, 1978.

468

John P. Campana, Williamsport, for appellant.

John Arnold Crisman, Berwick, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's refusal to grant a new trial due to inadequacy of the verdict and trial errors in a wrongful death and survival action. We hold the lower court's order to be error and grant a new trial.

Appellant's first contention is that the lower court erred in refusing to grant a new trial based upon inadequacy of the verdict. The facts presented to the jury were the following. On November 4, 1972, just after midnight, the decedent, Carl E. Cromley, age twenty, was riding his bicycle south on Route 42 in Hemlock Township, Columbia County. Michael J. Gardner was proceeding in the same direction in his Volkswagon sedan. At the time that appellee first observed him, Mr. Cromley was on the berm of the highway. Appellee testified that he looked away from the bicycle to gauge his position relative to the highway's center line. When appellee looked back at the bicycle it was directly in front of him. Unable to stop his vehicle, appellee, the only eyewitness to the accident, struck Mr. Cromley, fatally injuring him. Appellee testified that the bicycle was equipped with a reflector, but no lights. Appellee also contended that the accident could not have been avoided because when appellee looked back to the bicycle, decedent was bicycling directly in front of him.

Testimony relevant to the damages issue revealed that decedent earned $69.00 a week with average maintenance costs of $37.00 to $40.00 per week. Decedent was a 1970 high school graduate who had been employed at fairs and carnivals as a concessionaire, at a lunch counter, and at the time of the accident, at a greenhouse. Life tables estimated a fifty year life expectancy for decedent. The jury returned a verdict of $1,591.80 in the death action and $3,568.00 in the survival action.

Although the distinction between an inadequate verdict and a compromise verdict is often difficult to make, *Padula v. Godshalk*, 192 Pa.Super. 618, 161 A.2d 919 (1960), the question of negligence as presented by these circumstances is certainly one which reasonably the jury may have compromised, and thus rendered this verdict which, on its face, seems rather low. We agree with the lower court that in all probability the jury result was a compromise, and as such is entitled to the recognition accorded such verdicts under the law of Pennsylvania.

We have said that "[w]here the evidence of negligence or contributory negligence is conflicting or not free from doubt, the trial court has the power to uphold the time-honored right of the jury to render a compromise verdict and to sustain a verdict which is substantial. [Citations omitted]." *Simpkins v. Richey*, 192 Pa.Super. 46, 49, 159 A.2d 17, 18 (1960). Therefore, we recognize that the lower court exercises considerable discretion in deciding whether a compromise verdict merits a new trial. However, "[w]e will reverse the lower court's discretion in granting or refusing a new trial where there was an error of law which controlled the outcome of the case. *Izzi v. Philadelphia Transp. Co.*, 412 Pa. 559, 195 A.2d 784 (1963)." *Boushell v. J. H. Beers, Inc.*, 215 Pa.Super. 439, 441, 258 A.2d 682, 684 (1969). We find that such an error was made in this case by the lower court's refusal to permit appellant to offer into evidence appellee's guilty plea to a charge of driving under the influence.

Appellee was charged with involuntary manslaughter and driving under the influence, neither of which is a summary offense. Appellee pled guilty to driving under the influence, and the involuntary manslaughter charge was dismissed. The lower court ruled on the basis of *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965), that the plea was prompted solely by expedience and convenience, and was thus inadmissible.

In *Hurtt v. Stirone, supra*, the Pennsylvania Supreme Court faced the issue of whether in a civil suit against a

convicted extortioner to recover the extorted money, proof of the extortion conviction is conclusive evidence of the fact of extortion. The court ultimately permitted evidence of the felony conviction in the subsequent civil suit. The majority recognized that in our courts "judgments in criminal cases for years were held inadmissible to establish the facts in a civil case. [Citations omitted]. But the tendency of recent decisions is away from enforcing a rigid rule. [Citations omitted]." *Id.* 416 Pa. at 497, 206 A.2d at 626.

The court concluded:

"In so deciding, we recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique'. . . .

The policy shifts with regard to major criminal convictions such as the one presented. We find it incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty." *Id.* 416 Pa. at 499, 206 A.2d at 627.

Although the *Hurtt* court was not addressing the issue which we face instantly, the decision has been construed as mandating that a motor vehicle code conviction not be admitted in a civil case arising from the same incident. *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966), dealt with a conviction for failure to drive on the right side of the highway. The supreme court disallowed evidence of this summary conviction, which resulted in a fine of ten dollars and costs, in the subsequent civil action. In *Simpson v. Robinson*, 238 Pa.Super. 555, 361 A.2d 387 (1976), we cited the *Hurtt* and *Loughner* cases and held that it was error to permit testimony in a trespass action that the defendant driver had *not* received a traffic citation. We quoted the dictum of *Hurtt* with approval. Looking back at the *Hurtt* dictum, however, we are not convinced that a guilty plea to a charge of driving under the influence must be excluded

from evidence because appellee's plea was simply his "trial technique" in the face of a charge in a "minor matter."

We would first emphasize that the *Hurtt* court was not dealing with a conviction of a motor vehicle code violation. Therefore, it is understandable that no attempt was made to categorize vehicle code violations according to their degree of seriousness. It cannot be contended, however, that all code violations are of equal gravity. For example, homicide by vehicle is designated a misdemeanor of the first degree,[1] punishable by imprisonment of up to five years[2] and a fine of $10,000.[3] At the time of the accident in the instant case, a conviction of driving while under the influence of alcohol carried a fine ranging from $100 to $500 and costs, imprisonment to a maximum of three years, or both.[4] The penalties clearly indicate that driving under the influence is not a "minor matter." The potential penalty for driving under the influence contrasts sharply with the fine of ten dollars and costs levied in *Loughner v. Schmelzer, supra,* in which the supreme court disallowed evidence of the summary conviction in a civil action. Certainly a $500 fine and three years' imprisonment constitute a significant deprivation of property and liberty. It is inconceivable that one would acknowledge guilt of this offense if he believed he was innocent. Although the potential penalty for driving under the influence is significantly less severe than that for involuntary manslaughter, it is certainly substantial. Therefore, although appellee employed a practical strategy in pleading, insofar as he precluded the possibility of a more severe

1. 75 Pa.C.S. § 3732. Appellee was not charged under the Vehicle Code, but rather was charged under the Crimes Code with involuntary manslaughter, 18 Pa.C.S. § 2504. Both crimes are misdemeanors of the first degree and carry equal penalties.

2. 18 Pa.C.S. § 1104(1).

3. 18 Pa.C.S. § 1101(3).

4. The act of April 29, 1959, P.L. 58, § 1037 [75 P.S. § 1037]. Driving under the influence of alcohol or a controlled substance is now classified as a misdemeanor of the third degree [75 Pa.C.S. § 3731(d)], punishable by imprisonment to a maximum of one year [18 Pa.C.S. § 1104(3)] and a fine of $2,500 [18 Pa.C.S. § 1101(5)].

penalty, he was still risking considerable interests in his liberty and property. If appellee believed in his innocence and his ability to prove it, he would not likely have made such a plea. Believing that his guilty plea was clearly indicative of appellee's guilt of driving under the influence, not a summary or minor offense, we find the plea admissible as an admission against interest.

Because admission of the improperly excluded guilty plea could have considerably elucidated the issues of negligence and contributory negligence for the jurors and obviated a compromise verdict, only by ordering a full new trial could we cure the lower court's error. Appellants, however, have requested a new trial limited to damages. In *Boushell v. J. H. Beers, Inc.*, 215 Pa.Super. 439, 258 A.2d 682 (1969), we found that the appellee still vigorously contested liability and that the question of liability was not so clear that reasonable men could not differ on it. Therefore, although the appellant had requested only a limited new trial, we granted a new trial generally. In the instant case, because the error committed by the lower court merits a new trial and because liability is equally open to question, we will grant a new trial generally.[5]

5. Appellant contends that, on the facts of this case, the lower court erred in charging the jury on contributory negligence; we do not agree. After reviewing the record, we find sufficient evidence to warrant submitting the question of contributory negligence to the jury. We note, however, that the court's charge was seriously defective, although appellant does not raise the issue.

The jury was instructed to consider whether Mr. Cromley acted as a reasonable and prudent man under the circumstances, and to determine "whether [a] lapse, if there was any, from the reasonable careful prudent man standard of conduct, *contributed, however slight, to the happening of the accident in a proximate way.*" (NT 65a) (emphasis added). The court later said, "[I]f you also believe that *his contributory negligence contributed in any way to the happening of the accident* from which his injuries and death arose then the plaintiff's administrator, the plaintiff may not recover in this case." (NT 69a) (emphasis added).

The supreme court declared in *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972), that "[t]he doctrine of 'slightest degree' is not, nor has it ever been, the correct statement of Pennsylvania law as to the necessary causal relationship between plaintiff's negligence and the resultant injury." *Id.* 447 Pa. at 494, 291 A.2d at

The order of the lower court is reversed and a new trial is granted.

SPAETH, J., concurs in the result.

JACOBS, President Judge, dissents.

WATKINS, former President Judge, did not participate in the consideration of or decision of this case.

761. Slight negligence must be distinguished from slight contribution. That a plaintiff could not recover if chargeable with the slightest negligence was simply a reiteration of the fact that comparative negligence had not been accepted in the Commonwealth. The correct statement of the law of contributory negligence is that "a plaintiff cannot recover if his own negligence, however slight, contributes to the happening of the accident in a proximate way." *Id.* 447 Pa. at 495, 291 A.2d at 762. Thus, the lower court's charge was clearly erroneous under *McCay.*