## Larkin v. Lee

*Thomas B. Helbig,* for plaintiffs.
*Anthony B. Panaway,* for defendant.

CAPPELLINI, *J.,* November 24, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on plaintiffs' motion to compel answers to deposition questions.

## HISTORY AND FACTS

Plaintiffs presented a motion requesting the court to compel defendant to answer certain questions relating to his consumption of alcohol and alcohol tests administered and the results thereof, and of any possible criminal plea to the offense of driving under the influence of alcohol.

These questions were asked of defendant during a deposition, but defendant, under the direction of counsel, was directed not to answer on the basis that answers to said questions would tend to incriminate him in any possible future criminal proceedings.

## DISCUSSION AND LAW

The instant matter is a civil matter. The questions directed to the witness relate to matters which, if answered, could incriminate him in a possible future criminal proceeding. It is defendant's contention that he has a constitutional right to remain silent.

Plaintiffs contend that the information sought is relevant to the subject matter involved in this action and that the deposition questions are reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further contend that evidence relating to a defendant's guilty plea or conviction for the criminal charge of driving while under the influence of alcohol is admissible in a subsequent civil action as an admission against interest. Cromley v. Gardner, 253 Pa. Super. 467, 385 A.2d 433 (1978). The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." See Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed. 2d 274 (1973).

Here defendant reasonably feared his answers to deposition questions could be used against him in possible future criminal proceedings, and thus he had a right to exercise his privilege. Caloric Corp. v. Commonwealth, Unemployment Compensation Board of Review, 70 Pa. Commw. 182, 452 A.2d 907, 909 (1982).

Accordingly, plaintiffs' motion to compel answers to deposition questions is denied.

## ORDER

Upon consideration of plaintiffs' motion to compel answers to deposition questions, it is hereby ordered and decreed that said plaintiffs' motion is denied.