551 A.2d 657

Cheryl Boyle Volponi, Appellant *v.* Borough of Bristol, Mario Battistini, Vincent Norato and Philip David Volponi, Appellees.

Argued June 17, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Larry E. Coben,* with him, *Eleanor D. Thomson, Litvin, Blumberg, Matusow & Young,* for appellant.

*Janet W. Mason,* with her, *Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer* and *James A. Downey, III, Begley, Carlin & Mandio,* for appellee, Borough of Bristol.

*Glenn D. Hains, Durben and Hains, P.C.,* for appellee, Philip David Volponi.

OPINION BY JUDGE COLINS, December 19, 1988:

This appeal involves a personal injury action arising from an automobile accident which occurred on September 7, 1980. Cheryl Boyle Volponi (plaintiff) instituted this action in the Court of Common Pleas of Bucks County to recover monetary damages against the Borough of Bristol (Borough) and two individuals, Mario Battistini (Battistini) and Vincent Norato (Norato). The Borough joined as an additional defendant, Philip Volponi, alleging that he was negligent for parking illegally at the location on the roadway where the accident took place. Plaintiff argued that the accident was due to the concurrent negligence of Battistini, in his operation of Norato's vehicle and the Borough, by its failure to maintain a "no parking" restriction on the roadway at the scene of the accident.

Battistini, driving a vehicle owned by Norato and in which Norato was a passenger, collided with a parked vehicle owned by Philip Volponi. At the time of the accident, plaintiff was standing on the roadway to the rear of the parked car and was struck head-on by the oncoming car. Philip Volponi was seated on the trunk of the parked car, facing toward the on-coming vehicle and was injured by being thrown to the ground upon impact. The testimony revealed that the configuration of

the roadway at the location of the accident was odd. Parking is prohibited by ordinance at the location of the accident. However, the testimony indicated that the no-parking sign erected by the Borough had been removed by vandals numerous times and that the sign was not present at the time of the accident. Moreover, Philip Volponi testified that at no time had he seen a no-parking sign at that location.

Battistini testified that he had been drinking on the day in question and had pled guilty to a charge of driving while under the influence of alcohol. Plaintiff objected to the admission of this plea into evidence at trial. The trial court admitted the plea but precluded the testimony of several witnesses with reference to Battistini's blood alcohol level pursuant to a motion by plaintiff's counsel. The objection was based upon the fact that the names of these witnesses did not appear in the Borough's answers to interrogatories.[1]

The jury returned a verdict in the amount of $850,000 against Battistini and Norato.[2] In response to special interrogatories, the jury found the Borough was negligent, but that its negligence was not a substantial contributing factor in causing plaintiff's harm. Philip Volponi was found to be neither negligent nor contributorily negligent.[3] Therefore, the jury assessed

---

[1] Discovery in this case was extensive and spanned a period of several years. It was not until approximately one month prior to trial that the Borough, in its pre-trial memorandum, identified *all* of the witnesses it intended to call at trial. Among this list were the names of ten witnesses which were unknown to plaintiff prior to that date. Plaintiff's motion which claimed substantial prejudice because of this late identification was, therefore, granted.

[2] The jury determined that the negligence of Battistini was to be imputed to Norato, owner of the vehicle.

[3] Counsel for Philip Volponi has filed a brief with this Court submitting that should we conclude that a new trial is warranted, appellee, Philip Volponi, should not be subjected to such new trial.

100% of the causal negligence against Battistini and Norato and found in favor of all other defendants.

Plaintiff's post-trial motion requesting a new trial was denied. A Notice of Appeal was filed with this Court on February 19, 1987. We affirm the trial court's order.

## ISSUES

Plaintiff presents five issues for our review: (1) whether the trial court erred in admitting into evidence Battistini's plea of guilty to driving under the influence of alcohol; (2) whether the trial court erred in its charge to the jury by incorporating therein an impermissible presumption of intoxication; (3) whether the jury's verdict is against the weight of the evidence; (4) whether the trial court erred in its charge to the jury on the issue of substantial factor; and, (5) whether the verdict of the jury was inconsistent.

## ADMISSION OF PLEA

Plaintiff submits that absent other evidence with respect to Battistini's intoxication and unfitness to drive as a result thereof, his plea of guilty was not relevant to the issue of causation. Therefore, plaintiff alleges error on the part of the trial court in admitting the plea over counsel's objection and requests a new trial on that basis.

The trial court relied upon the case of *Cromley v. Gardner*, 253 Pa. Superior Ct. 467, 385 A.2d 433 (1978), in admitting the plea.[4] In *Cromley* the Superior

---

Because we conclude that the grant of a new trial is not merited, we decline to reach this argument.

[4] *Cromley* involved an automobile-bicycle accident. The driver of the vehicle was charged with involuntary manslaughter and driving while under the influence. A plea of guilty was entered as to the latter charge and the involuntary manslaughter charge was dis-

Court reasoned that a plea carrying a significant penalty will be admitted as an admission against interest because a person will not acknowledge guilt of an offense if he believes he is innocent in light of the pending substantial penalty. Plaintiff attempts to distinguish the instant matter from that in *Cromley,* contending that Battistini pled guilty after realizing that the penalty would consist of the payment of court costs and a one year probation which was clearly preferable to the financial expense of a jury trial and the risk of some greater penalty by pleading otherwise.

When Battistini entered his guilty plea, the definition of and the penalty attached to the offense of driving under the influence were enumerated in Section 3731 of the Vehicle Code (Code), 75 Pa. C. S. §3731, as follows:

> §3731. *Driving under influence of alcohol or controlled substance*
>
> (a) *Offense defined.*—A person shall not drive any vehicle while:
>
> > (1) under the influence of alcohol to a degree which renders the person incapable of safe driving . . .
>
> . . .
>
> (d) *Penalty.*—Any person violating any of the provisions of this section is guilty of a misdemeanor of the third degree.

This misdemeanor of the third degree was punishable by a sentence of imprisonment not to exceed one year

---

missed. The trial court, citing *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied,* 381 U.S. 925 (1965), ruled that the plea was inadmissible because it was prompted solely by expedience and convenience. The Superior Court, in reversing the trial court, distinguished *Hurtt,* discussed the significant penalties attached to motor vehicle violations, and concluded that the trial court erred in excluding the plea from evidence.

and a fine of up to $2500. Sections 106, 1101(5), and 1104(3) of the Crimes Code, 18 Pa. C. S. §§106, 1101(5) and 1104(3).

Clearly, this punishment is substantial in nature. We agree with the trial court's determination that Battistini would not have entered the plea unless he believed that the Commonwealth maintained evidence sufficient to obtain a conviction.[5] In response to plaintiff's assertion that guilt may not always be the motive for entering a guilty plea, we quote the language set forth in *Cromley:*

> Although the potential penalty for driving under the influence is significantly less severe than that for involuntary manslaughter, it is certainly substantial. Therefore, although appellee employed a practical strategy in pleading, insofar as he precluded the possibility of a more severe penalty, he was still risking considerable interests in his liberty and property. If appellee believed in his innocence and his ability to prove it, he would not likely have made such a plea. Believing that his guilty plea was clearly indicative of appellee's guilt of driving under the influence, not a summary or minor offense, we find the plea admissible as an admission against interest.

253 Pa. Superior Ct. at 472-73, 385 A.2d at 436. Therefore, Battistini's plea was admissible as an admission against interest. Contrary to plaintiff's contention, the

---

[5] Plaintiff's brief makes repeated reference to the testimony produced at the criminal proceeding brought against Battistini. The notes of testimony from the criminal proceeding were not made part of the record before the trial court and we therefore, shall not consider them on appeal. Pa. R.A.P. 1921.

plea was relevant to the issue of Battistini's negligence and ultimately, causation.[6]

## Jury Charge

Plaintiff alleges error on the part of the trial court in its charge with respect to the issues of intoxication and substantial factor. In determining whether the trial court erred, we must consider the charge as a whole in light of the evidence presented. *Papandrea v. Hartman,* 352 Pa. Superior Ct. 163, 507 A.2d 822 (1986). Should we ascertain that error has been committed, we may reverse the order of the trial court denying a new trial only where such error has been clearly prejudicial to the appellant. *Mickey v. Ayers,* 336 Pa. Superior Ct. 512, 485 A.2d 1199 (1984).

The trial judge instructed the jury as to Battistini's intoxication as follows:

> You have also heard that Mr. Battistini was driving at a time when he was under the influence of intoxicating liquor and, in fact, at a later date he plead [sic] guilty to that charge and was sentenced. By pleading guilty, he was pleading guilty to a provision of the Motor Vehicle Code that says—if I can paraphrase the appropriate section—that if you have a certain amount of blood alcohol in your system, that you are under the influence of intoxicating liquor and by virtue thereof you are incapable of safe driving.

(Notes of Testimony (N.T.), Charge of the Court, p. 684.) Plaintiff submits that the trial court impermissibly blended two unrelated sections of the Code, specifically,

---

[6] In *Cromley,* the Superior Court stated that the guilty plea, which was erroneously precluded from evidence, could have clarified the issues of negligence and contributory negligence for the jury. Accordingly, a new trial was granted.

75 Pa. C. S. §3731 (driving while under the influence of alcohol or controlled substance) and, 75 Pa. C. S. §1547(d) (presumption of intoxication from chemical testing). Plaintiff adamantly argues that the presumption enumerated in 75 Pa. C. S. §1547(d) is not admissible in civil proceedings and in support thereof, cites *Ackerman v. Delcomico*, 336 Pa. Superior Ct. 569, 486 A.2d 410 (1984). We agree with the plaintiff's contention that the presumption is not applicable to civil proceedings. However, the trial court's supplemental charge cured any error contained in the previous portion of the charge with respect to the presumption. The supplemental charge reads as follows:

> Ladies and gentlemen, counsel have called my attention to certain remarks that I made or did not make, or they said that I made, and I am not sure whether I did or not. . . . when I referred to the guilty plea of Mr. Battistini, he was pleading guilty to being under the influence of intoxicating liquor, that I did or may have used the word 'intoxicated.'
>
> When a person pleads guilty to being under the influence of intoxicating liquor, that is what he is pleading guilty to, being under the influence. It is not being intoxicated. It is not being drunk, as we commonly use that term. But it is having a reading of a certain percentage of blood alcohol content that the legislature has determined a person with such a reading is incapable of safe driving.

(N.T., Charge of the Court, pp. 723-24.)

In its brief to this Court, the plaintiff contends that the trial court's charge left the jury with a message that a drunk caused the accident in question. However, the supplemental charge specifically instructed the jury that Battistini's plea of guilty to driving while under the in-

fluence did not mean that he was "drunk". Although the trial court did confuse the two sections of the Code, the charge as a whole, was focused not upon the statutory presumption of intoxication, but instead, upon Battistini's admission of being incapable of safe driving. Despite any error in the charge, the jury could have concluded from the evidence presented that intoxicated or not, Battistini was negligent by failing to follow the configuration of the road.

Moreover, the instruction worked to Battistini's detriment and not to plaintiff's. The jury returned a verdict in favor of the plaintiff in the amount of $850,000. The prejudice claimed by plaintiff is in the form of an unenforceable judgment. It is unfortunate for plaintiff that the jury found only Battistini and Norato effectively unrecoverable. However, such misfortune does not warrant the granting of a new trial.

Plaintiff also challenges as erroneous, the trial court's charge on the issue of substantial factor. More specifically, plaintiff labels as erroneous the trial court's refusal to instruct the jury on two of plaintiff's points for charge.[7]

---

[7] The trial court rejected plaintiff's Points for Charge Nos. 34 and 35 which read:

34. Ladies and gentlemen, if you find that the Borough is liable for permitting a dangerous condition to exist on Jefferson Avenue, or for a dangerous condition of the no parking sign, the Borough remains responsible even if you find that another party—such as a negligent driver—was a precipitating factor causing the accident.

35. Because the Borough undertook a duty to motorists and pedestrians to keep Jefferson Avenue reasonably safe, if you find that the Borough was negligent in carrying out this responsibility, you may find that the Borough's negligence was a proximate cause of the accident if you decide that the defendant's negligence increased the risk of harm which in fact occurred in this case.

(N.T., p. 737.)

A trial court may reject counsel's requested points for charge so long as its charge is a complete and accurate statement of the relevant law. The trial court's charge on substantial factor and concurrent causation reads, in pertinent part:

> [i]t is most important particularly in light of how you may determine the facts in this case to understand that negligence alone and in a vacuum is not sufficient grounds on which to predicate recovery by any of the plaintiffs. In order for a plaintiff or plaintiffs to recover in this case, the defendant's or defendants' conduct must not only have been negligent, as I have defined that term to you, but that negligence must also have been a substantial factor—as I emphasize—substantial factor or the legal cause in bringing about the accident and the resulting harm or damages to the plaintiffs' case you are then considering.
>
> A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the accident or incident that you have before you for consideration.
>
> . . . even though you may find that there was negligent conduct existing on the part of a given defendant or defendants, if you would further conclude that the negligent conduct had only an insignificant connection with the accident that occurred in this case and, therefore, was not a substantial factor, that is to say, was not the legal cause of bringing it about, then the plaintiff, even though there has been a showing of negligence by a fair preponderance of the evidence, could not and should not recover.

. . . I must tell you, because it is the law, that there may be more than one substantial factor in bringing about the harm as suffered by a given plaintiff. When the negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of these persons is fully responsible for the harm suffered by the plaintiff regardless of the relative extent to which he contributes to the harm. A cause is concurrent if it was operative at the moment of the incident and acted with another cause as a substantial contributing factor in bringing about the harm. Where the negligent conduct of a defendant combines with other circumstances and other forces to cause the harm suffered by the plaintiff, the defendant or defendants are responsible for the harm, if his or its negligent conduct was a substantial contributing factor in bringing about the harm, even if the harm would not have occurred without it. Where the conduct of two or more persons is negligent, and it is proved that the accident was caused by the negligent conduct of only one of them but there is uncertainty as to which one caused it, the burden is upon each person, and by person, I would mean here the municipality as a person, to prove that he or it has not caused the accident.

(N.T., Charge of the Court, pp. 673-75.)

Plaintiff concedes that this is an accurate statement of the law. However, she alleges that the charge is meaningless because the jury was not informed of the relationship between the negligence of the defendant and the initiating event of the accident. A thorough reading of the charge illustrates this allegation has no merit. After completing its statement of the law the trial court related the facts of this matter to the law. Pointedly, the

trial court discussed the Borough's duty to maintain the no parking sign at the location of the accident and then laid out the questions to be resolved by the jury on the issue of the creation of a dangerous condition of the roadway as follows:

> Let me review this again because it is most important and read to you from the law that has been enacted on this subject. There are three matters that you should consider when you are dealing with the problem that we are now discussing, and that is, did a dangerous condition of trees, signs or lights exist at the scene prior to the accident? Secondly, if you find a dangerous condition existed, did the dangerous condition create a reasonably foreseeable risk of the kind of injury that was incurred? Thirdly, did the Borough have actual notice or could the Borough reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the accident so that the Borough could have taken measures to protect itself against the dangerous condition?

(N.T., Charge of the Court, pp. 679-80.) This clarification of the questions to be resolved illustrates that the trial court understood the complexity of the issues facing the jury. Contrary to plaintiff's assertions, the charge did not confuse or mislead the jury.

In sum, the trial court properly instructed the jury on the relevant law and the issues to be decided. We have reviewed the charge in its entirety and find no prejudicial error. Accordingly, we uphold the decision of the trial court on this point.

### VERDICT—WEIGHT OF EVIDENCE

Our scope of review of the grant or denial of a new trial on the basis that a verdict is against the weight of

the evidence is well established. The jury's resolution of factual issues should not be disturbed unless such findings are clearly against the weight of the evidence. *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984). Where a trial judge has denied a motion for a new trial on the ground that the evidence was sufficient, we may not disturb that decision unless there was an abuse of discretion or a clear error of law. *Id.* Moreover, a court must award a new trial only where the verdict is so contrary to the evidence as to shock the court's sense of justice. *See Bolus v. United Penn Bank,* 363 Pa. Superior Ct. 247, 525 A.2d 1215 (1987), *petition for allowance of appeal denied,* 518 Pa. 627, 541 A.2d 1138 (1988).

Our review indicates that the evidence was sufficient to support the verdict. Battistini's own testimony indicated that he failed to observe the parked Volponi vehicle and that he failed to see and follow the configuration of the roadway. This testimony, coupled with his plea to driving while under the influence, constituted sufficient evidence upon which the jury could have concluded that he alone was to be held accountable for the accident. The trial court's function was not to second guess the jury, but instead to determine if the jury's conclusions could reasonably have been reached on the basis of what evidence was presented to them. *See Seewagen v. Vanderkluet,* 338 Pa. Superior Ct. 534, 488 A.2d 21 (1985). The jury's conclusion was certainly reasonable on the basis of the evidence presented. Thus, the trial court did not abuse its discretion in denying plaintiff's motion for new trial on this point.

## INCONSISTENCY OF VERDICT

The final issue raised by the plaintiff involves alleged inconsistency in the verdict. The law of this Commonwealth recognizes a presumption of consistency with respect to a jury's findings. This presumption can be

defeated only when there exists no reasonable theory to support the verdict. *Giovanetti v. Johns-Manville Corp.,* 372 Pa. Superior Ct. 431, 539 A.2d 871 (1988).

Plaintiff proposes that the evidence presented at trial clearly supports a finding that the Volponi vehicle impeded or interfered with the free flow of traffic. Plaintiff submits that because the jury absolved Philip Volponi of any negligence, the only cause for the interference with the free flow of traffic was the lack of a "no-parking" sign, at the fault of the Borough and, therefore, the negligence of the Borough had to be a substantial contributing factor to this accident. We disagree.

Initially, we note that the jury did not make a finding that the Volponi vehicle impeded the free flow of traffic on the roadway. Moreover, the evidence presented indicated that had Battistini followed the configuration of the roadway, he would not have come in contact with the Volponi vehicle. The jury's conclusion that the Borough was negligent but that its negligence was not a substantial contributing factor is supported by the evidence. The jury properly assessed one hundred percent liability upon Battistini,[8] the only defendant whose negligence was found to be a substantial factor in causing plaintiff's harm. Accordingly, we find the jury's verdict to be consistent with the evidence presented.

## Conclusion

In summary, our thorough review of the record has revealed no error of law or abuse of discretion by the trial court. This Court is not unsympathetic to plaintiff's plight but in the absence of reversible error, we must decline to grant the request for a new trial.

Affirmed.

---

[8] *See* footnote 2, *supra.*

## ORDER

AND NOW, this 19th day of December, 1988, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.