## Hagans v. Jackson

*Marc Roberts,* for plaintiff.
*Allen H. Smith,* for defendant.

CASSIMATIS, *J.,* November 19, 1992—The complaint for damages in the instant matter was filed on October 29, 1991, by the plaintiff, Nadine E. Hagans, as the result of two separate incidents which occurred on or about January 26, 1991, and on or about June 22, 1991, at which time it is alleged that the defendant assaulted the

plaintiff by striking her in the left side of the face with his fist, causing fractures to the orbit of the left eye and other facial bones. As a result of this act by the defendant, the plaintiff alleges that she has suffered injuries which are serious and permanent, including fractures, which required the surgical placement of a temporary metal plate, skin grafting, and damage to the nerves of the area of the left eye. (An amended complaint was filed on January 22, 1992.)

An arbitration was held on May 1, 1992, of which a board of arbitrators found in favor of the plaintiff and against the defendant in the amount of $10,000, together with costs of suit. On May 26, 1992, the defendant filed a notice of appeal from the award of arbitrators.

A pre-trial conference was held on July 28, 1992, at which time the following issue was raised:

"The initial issue which needs to be researched and resolved is whether defendant's plea of guilty in criminal court to the misdemeanor charge of simple assault[*] is admissible in this civil suit where the victim claims dam-

---

[*] 18 Pa.C.S. §2701. Simple Assault:

"(a) Offense defined—A person is guilty of assault if he:

"(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

"(2) negligently causes bodily injury to another with a deadly weapon, or

"(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

"(b) Grading—Simple assault is a misdemeanor of the second degree unless committed:

"(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree: or

ages arising out of the same alleged assault conduct which was involved in the criminal action.... Counsel will have to research this issue further and submit a memo to the court on this subject. We suggest this matter be dealt with now because it will affect the witnesses that the parties will plan to present at the trial." Letter to counsel of record, dated July 19, 1992.

A memorandum of law was filed by the defendant on August 31, 1992. No memorandum of law was filed by the plaintiff in the instant matter.

Not infrequently the same occurrence will give rise to both criminal and civil litigation. For example: An automobile accident can give rise to a criminal prosecution for assault and battery by automobile or for manslaughter as well as a civil suit for personal injuries or wrongful death. The destruction of a building by fire can give rise to a criminal prosecution for arson as well as a civil suit under the fire insurance policy, and so forth. When one of the parties to the civil suit has been previously involved in a criminal prosecution arising out of the same occurrence, the question exists whether evidence of the result of the prosecution is admissible in the civil action, in favor of the party, if he was acquitted or against him if he was convicted.

On the other hand, evidence of the conviction of a party in a criminal prosecution is not only admissible against that party in a civil action, but is conclusive on

---

"(2) against a child under 12 years of age by an adult 21 years of age or older, in which case it is a misdemeanor of the first degree.

"Maximum sentence—$5,000 fine and two-year term of imprisonment."

the issue of his guilt of the crime in question. *Kravitz Estate*, 418 Pa. 319, 211 A.2d 443 (1965) (Widow's conviction of husband's murder is conclusive of her guilt in Orphans' Court); *Cromley v. Gardner*, 253 Pa. Super. 467, 385 A.2d 433 (1978); *Evanuik v. University of Pittsburgh Western Psychiatric Institute & Clinic*, 234 Pa. Super 287, 338 A.2d 636 (1975) (allocatur refused). However, in convictions of traffic violations and lesser misdemeanors, where expediency and convenience rather than guilt often control the defendant's convictions, evidence of conviction of such an offense is inadmissible in a civil suit. *Eastern Express Inc. v. Food Haulers Inc.*, 445 Pa. 432, 285 A.2d 152 (1971); *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966); *Simpson v. Robinson*, 238 Pa. Super. 555, 361 A.2d 387 (1976); cf., *Shepard v. Martin Century Farms*, 245 Pa. Super. 552, 369 A.2d 765 (1977) (Issuance of traffic summons inadmissible). See section 6.28, *infra.*, dealing with a plea of guilty to a traffic violation. But cf., *Cromley v. Gardner*, 253 Pa. Super. 467, 385 A.2d 433 (1978) (Guilty plea to driving under the influence of intoxicating liquor admissible since the crime is not a summary offense). Pennsylvania Trial Guide, second revised edition, by Stephen M. Feldman, volume 1 §6.26. Result of criminal prosecution offered in civil action.

The defendant cites to the case of *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966) and the case of *Folino et al. v. Young et al.*, 523 Pa. 532, 568 A.2d 171 (1990), for the proposition that evidence of a conviction of a traffic violation or small misdemeanor is not admissible in a civil suit for damages arising out

of the same traffic violation or lesser misdemeanors. *Loughner* at 284-285.

"In so deciding, we recognize a valid existing distinction in cases involving the record conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique.' In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction. Compare also the effect given in Pennsylvania to a plea of nolo contendere: *Teslovich v. Fireman's Fire Insurance Co.,* 110 Pa. Super. 245, 168 A. 354 (1933). The policy shifts with regard to major criminal convictions such as the one presented. We find it incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty. *Id.* at 498-99, 206 A.2d at 626-27. *A reading of the above decision in Hurtt illustrates that the court only sought to insure that the party bound by the prior determination had adequate incentive to contest the issue and an adequate forum in which to litigate....* In so holding, however, we reiterate the strong sentiment expressed in *Hurtt,* and later applied in *Loughner,* that convictions for summary offense by themselves, where an accused is not entitled to a jury trial, are inadmissible." (emphasis added) *Folino et al., supra,* 568 A.2d at 173- 174. See also *Phoenixville Area School*

*District v. Unemployment Compensation Board of Review,* 141 Pa. Commw. 555, 596 A.2d 889 (1991).

In the case of *Volponi v. Borough of Bristol et al.,* 122 Pa. Commw. 192, 551 A.2d 657 (1988), the appeal involved a personal injury action in which the plaintiff presented the following issue for review, whether the trial court erred in admitting into evidence Battistini's plea of guilty to driving under the influence of alcohol. "The trial court relied upon the case of *Cromley v. Gardner,* 253 Pa. Super. 467, 385 A.2d 433 (1978), in admitting the plea [footnote omitted]. In *Cromley,* the Superior Court reasoned that a plea carrying a significant penalty will be admitted as an admission against interest because a person will not acknowledge guilt of an offense if he believes he is innocent in light of the pending substantial penalty. Plaintiff attempts to distinguish the instant matter from that in *Cromley,* contending that Battistini pled guilty after realizing that the penalty would consist of the payment of court costs and a one-year probation which was clearly preferable to the financial expense of a jury trial and the risk of some greater penalty by pleading otherwise." *Volponi* at 196-197, 551 A.2d at 659.

When Battistini entered his guilty plea, the definition of and the penalties attached to the offense of driving under the influence were enumerated in section 3731 of the Vehicle Code, 75 Pa.C.S. §3731, as follows: This misdemeanor of the third degree was punishable by a sentence of imprisonment not to exceed one year and a fine of up to $2,500. In the instant matter, the misdemeanor of the second degree, simple assault, was pun-

ishable by a sentence of imprisonment not to exceed two years and a fine of up to $5,000.

"Clearly, this punishment is substantial in nature. We agree with the trial court's determination that Battistini would not have entered the plea unless he believed that the Commonwealth maintained evidence sufficient to obtain a conviction. (footnote omitted) In response to plaintiff's assertion that guilt may not always be the motive for entering a guilty plea, we quote the language set forth in *Cromley:* 'Although the potential penalty for driving under the influence is significantly less severe than that for involuntary manslaughter, it is certainly substantial. Therefore, although appellee employed a practical strategy in pleading, insofar as he precluded the possibility of a more severe penalty, he was still risking considerable interest in his liberty and property. If appellee believed in his innocence and his ability to prove it, he would not likely have made such a plea. Believing that his guilty plea was clearly indicative of appellee's guilt of driving under the influence, not a summary or minor offense, we find the plea admissible as an admission against interest.' *Cromley* at 472-73, 385 A.2d at 436. Therefore, Battistini's plea was admissible as an admission against interest. Contrary to plaintiff's contention, the plea was relevant to the issue of Battistini's negligence and ultimately, causation." *Volponi, supra,* 551 A.2d at 659-660. (footnote omitted)

In the instant matter, the punishment for a conviction of simple assault is substantial in nature as well. We conclude that the defendant's guilty plea was clearly rep-

resentative of his guilt of simple assault, which is not a minor offense, and we, therefore, find pursuant to *Volponi,* that the plea is admissible in the case at bar.

Accordingly, we enter the following

## ORDER

And now, to wit, November 19, 1992, it is hereby ordered that the guilty plea of the defendant, Charles Jackson, to simple assault, shall be admissible in the instant civil matter.

A pre-trial conference will be held on December 21, 1992, at 11 a.m. in chambers.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.