COMMONWEALTH of Pennsylvania, Appellant,

v.

Clemente GIUSTO, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed Oct. 17, 2002.

---

**5.** I would, therefore, find it unnecessary to address remaining issues raised in Appellant's brief.

Ellen R. West, Asst. Dist. Atty., Reading, for Commonwealth, appellant.

Andrea E. Mertz, Reading, for appellee.

Before: LALLY–GREEN, BENDER, and KELLY, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, the Commonwealth, appeals from the order entered on April 6, 2001, which dismissed the charges against Appellee, Clemente Giusto (Giusto). We reverse and remand for further proceedings.

¶ 2 The record reveals the following facts. On September 16, 2000, Giusto arrived uninvited at the apartment of his ex-wife, Shane Edgar, in Reading, Pennsylvania. The Commonwealth alleged that Giusto threatened Ms. Edgar in order to gain access to her home and, once inside, forced her to have sexual intercourse with him. The Commonwealth further alleged that Giusto followed Ms. Edgar for six years prior to September 16, 2000 in Connecticut, Maine and New Hampshire.[1]

¶ 3 Giusto was charged with two counts of stalking under 18 Pa.C.S.A. § 2709(b).[2] Giusto filed an Omnibus Pretrial Motion to dismiss the charges for lack of jurisdiction and a writ of *habeas corpus*.

¶ 4 Following a hearing, the trial court granted Giusto's motion and dismissed the charges against him. The trial court rea-

---

1. At argument on the motion in issue, the Commonwealth alleged that Ms. Edgar had received several telephone calls from Giusto, who called from outside Pennsylvania. Ms. Edgar did not testify regarding this. Motion Argument, 4/6/01, at 5.

2. The instant case was prosecuted separately from other charges related to the incident. The trial court observed that Appellant was also charged with Rape, 18 Pa.C.S.A. § 3121(1), Simple Assault, 18 Pa.C.S.A § 2701(a)(3), Harassment (Summary), 18 Pa. C.S.A. § 2709(a)(1), Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, Sexual Assault, 18 Pa.C.S.A. § 3124, Indecent Assault, 18 Pa.C.S.A. § 3126(a)(1), Indecent Assault, 18 Pa.C.S.A. § 3126(a)(2), and Possessing Instruments of Crime, 18 Pa.C.S.A. § 907(a). Trial Court Opinion, 10/9/01, at 1 n. 1. All counts were dismissed other than the charges for Sexual Assault, the first count of Indecent Assault, Possessing Instruments of Crime, and Harassment. *Id.* On May 16, 2001, a jury found Appellant guilty of Sexual Assault and Indecent Assault. *Id.*

soned that the stalking statute allowed acts that occurred in other counties within Pennsylvania to be used to establish a course of conduct in any other county within Pennsylvania. The court ruled, however, that acts occurring in other states could not be considered. The trial court found that only one act occurred in Pennsylvania. Having determined that it had no jurisdiction over the out-of-state acts relied upon by the Commonwealth to establish a course of conduct, the trial court dismissed the charges. Trial Court Opinion, 10/9/01, at 1. This timely appeal followed.

¶ 5 The Commonwealth presents one issue for our review.

> I. Whether the trial court erred in dismissing the charges in this case because the court did not have jurisdiction to hear the case, even though 18 Pa.C.S.A. § 2709(e.1) gave the trial court jurisdiction?

Commonwealth's Brief at 4.

¶ 6 The Commonwealth argues that the course of conduct alleged to be an element of the crime of stalking can be established with evidence of Giusto's conduct in other states. The Commonwealth argues that, under 18 Pa.C.S.A. § 2709(e.1), the term "jurisdiction" can mean another state.

■ ¶ 7 Our standard of review for a grant of a *habeas corpus* petition is as follows:

> The decision to grant or deny a petition for writ of [*habeas corpus*] will be reversed on appeal only for a manifest abuse of discretion ... Our scope of review is limited to deciding whether a [*prima facie*] case was established.... [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence

should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.

*Commonwealth v. Saunders,* 456 Pa.Super. 741, 691 A.2d 946, 948 (1997).

¶ 8 The stalking statute provides:

**(b) Stalking.**—A person commits the crime of stalking when he engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either of the following:

> (1) an intent to place the person in reasonable fear of bodily injury; or

> (2) an intent to cause substantial emotional distress to the person.

**(e.1) Course of conduct.**—Acts indicating a course of conduct which occur in more than one jurisdiction may be used by any other jurisdiction in which an act occurred as evidence of a continuing pattern of conduct or a course of conduct.

**(f) "Course of conduct."** A pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes lewd, lascivious, threatening or obscene words, language, drawings, caricatures or actions, either in person or anonymously.

18 Pa.C.S.A. §§ 2709(b), (e.1) and (f).

■ ¶ 9 First, we observe that § 2709(e.1) is an evidentiary rule. *See, Commonwealth v. Davis,* 737 A.2d 792 (Pa.Super.1999). There, we held that a stalking act committed in Lackawanna County could be used as evidence of a "course of conduct" in a prosecution for stalking in Northampton County. *Id.* at 796.[3] Thus, the admission into evidence of

---

**3.** Specifically, this Court stated:

[W]e note that the conduct in question, *i.e.,*

the defendant's conduct in Lackawanna County was proper under § 2709(e.1).

¶ 10 Next, we note that the trial court held that § 2709(e.1) did not embrace stalking acts committed in other states. *See,* Trial Court Opinion, 10/09/01, at 4–5. In so doing, the trial court concluded that our Legislature intended the section to apply only to acts committed in Pennsylvania because the Legislature has "no authority to permit other states to use acts committed in Pennsylvania." *Id.* The trial court concluded that the court of common pleas did not have jurisdiction over alleged stalking acts committed in other states. *See also,* N.T., 4/6/01, at 8–9.

■ ¶ 11 Since § 2709(e.1) is an evidentiary rule, the issue here becomes whether, in a prosecution in Pennsylvania, an act committed in another state can be used as evidence for purposes of § 2709(e.1). The resolution of that question is for the trial court in accordance with the rules that apply to the admission of evidence, *e.g.,* is the evidence is probative, reliable, not stale, *etc.* Nothing § 2709(e.1) expressly precludes such analysis by the trial court. And, without a clear statement by our Legislature, we decline the invitation to rule that an alleged stalking act that is committed in another state can not be used as evidence to demonstrate a "course of conduct." Thus, the respected trial court erred in concluding that § 2709(e.1) precluded the exertion of jurisdiction over

Giusto's out-of-state acts in a prosecution in Pennsylvania.

■ ¶ 12 We do observe that the trial court has jurisdiction over Giusto's alleged criminal conduct pursuant to 18 Pa.C.S.A. § 102(a)(1). Section 102, which concerns the territorial applicability of the laws of this Commonwealth, states in pertinent part:

> (a) **General rule.**—Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct ... if ...:
>
> > (1) **the conduct** which is an element of the offense or **the result which is such an element occurs within this Commonwealth.**

18 Pa.C.S.A. § 102(a)(1) (emphasis added). "Conduct" is defined as follows:

> An action or omission and its accompanying state of mind, or, where relevant, a series of acts and omissions.

18 Pa.C.S.A. § 103.

¶ 13 Pursuant to 18 Pa.C.S.A. § 102(a)(1), criminal jurisdiction is conferred upon Pennsylvania courts if an element of a crime was committed in Pennsylvania.

> Acts done outside the jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm ....

*Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255, 258 (1973) (where murder

[the defendant's] alleged reckless driving [in Lackawanna County], was relevant to the charge before the jury. The events [in Lackawanna County] formed part of the basis of the criminal complaint filed in the instant case. Furthermore, Pennsylvania law is clear that evidence which establishes a pattern of actions over a period of time is admissible to show a "course of conduct" sufficient to sustain a charge of stalking. Acts indicating a "course of conduct" are

admissible even when they occur in more than one jurisdiction. Moreover, acts which occur in one jurisdiction may be used by any other jurisdiction to demonstrate a "continuing pattern of conduct" or "course of conduct." Thus, the testimony concerning [the defendant's] conduct [in Lackawanna County] was clearly admissible.

*Id.*

initiated on the grounds of United States Post Office but at least two fatal gunshot wounds inflicted within the territorial jurisdiction of Philadelphia, the Court of Common Pleas of Philadelphia County properly exercised jurisdiction over the crime). *See, Commonwealth v. Ohle,* 503 Pa. 566, 470 A.2d 61, 69 (1983) (where two elements of crime of theft by failure to make required disposition of funds occurred in Pennsylvania, the Dauphin County Court of Common Pleas properly exercised jurisdiction over the crime and properly asked the jury to consider whether the defendant's actions constituted the crime charged).

¶ 14 In the instant case, the alleged crime is stalking under 18 Pa.C.S.A. § 2709(b). Under 18 Pa.C.S.A. § 2709(f), a "course of conduct" for the crime of stalking is established by showing that more than one act of stalking occurred over a period of time. Because 18 Pa. C.S.A. § 102(a)(1) looks also to the "result" of certain conduct, § 102(a)(1) does not require that all stalking acts occur in Pennsylvania. *See, Bighum; Ohle.* Accordingly, the Commonwealth may prosecute for stalking when one of a series of stalking acts occurs in Pennsylvania and when that stalking act completes a "course of conduct" for purposes of the stalking statute. 18 Pa.C.S.A. §§ 102(a)(1) and 2709(b). *See, Bighum; Ohle.*

¶ 15 Here, the Commonwealth alleges that Giusto engaged in a course of conduct constituting the crime of stalking. The Commonwealth contends that Giusto committed a stalking act against Ms. Edgar in Pennsylvania by threatening her to gain access to her home and then by raping her. This act, the Commonwealth contends, was preceded by Giusto's stalking acts against Ms. Edgar for six years in Connecticut, Maine and New Hampshire. The Commonwealth argues that the in-state and out-of-state stalking acts together constitute a "course of conduct" under 18 Pa.C.S.A. §§ 2709(b) and (f). Here, Giusto's alleged conduct, the stalking act that occurs in Pennsylvania, causes a result, a "course of conduct," which is an element of the crime of stalking in Pennsylvania under 18 Pa.C.S.A. § 2709(b). Pennsylvania may assert jurisdiction over the criminal offense of stalking. 18 Pa. C.S.A. § 102(a)(1).

¶ 16 The Commonwealth has shown sufficient probable cause that Giusto committed the offense of stalking and that the evidence, if presented at trial and accepted as true, would warrant the judge to allow the case to go to the jury. The grant of the petition for writ of *habeas corpus* is reversed and the court of common pleas may exert jurisdiction over the crime. 18 Pa.C.S.A. § 102(a)(1); *Saunders.*

¶ 17 Order reversed. Remanded for further proceedings. Jurisdiction relinquished.