J-S70041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY J. FRANKLIN | |
| Appellant | No. 1540 EDA 2015 |

Appeal from the Order Entered April 24, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007203-2006

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 02, 2015**

Anthony Franklin appeals from the order of the Court of Common Pleas of Delaware County that denied his petition for habeas corpus.  After careful review, we affirm.

On December 5, 2007, Franklin entered into a negotiated guilty plea to robbery and criminal conspiracy to commit robbery. Pursuant to the agreement, the court sentenced him to 8½ to 20 years' incarceration. Franklin did not file an appeal.

Franklin filed a *pro se* PCRA petition on October 21, 2008, and the trial court appointed counsel who filed a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth**

_____

[*] Retired Senior Judge assigned to the Superior Court.

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988). The court dismissed the petition without a hearing on April 28, 2009.

Franklin filed a second PCRA petition on April 26, 2010, which was dismissed on October 28, 2010. On appeal to this Court, we affirmed. ***Commonwealth v. Franklin***, 60 A.3d 845 (Pa. Super. 2012) (unpublished memorandum). Franklin then filed a petition for allowance of appeal, which our Supreme Court denied on March 26, 2013. ***Commonwealth v. Franklin***, 63 A.3d 1244 (Pa. 2013).

On December 29, 2014, Franklin filed a *pro se* pleading titled "Petition for Writ of Habeas Corpus, Custody Credit Problem, and Refusal to Honor Negotiated Plea Agreement to Run Concurrent with Subsequent Pending Conviction with Delaware County." In the Petition, Franklin avers: (1) his Delaware County negotiated plea agreement for 8½ to 20 years' incarceration contained a provision that his sentence would be served concurrently with any sentence imposed for pending charges in Philadelphia; (2) he subsequently entered a plea agreement in Philadelphia for 10 to 20 years' incarceration; (3) the Department of Corrections (DOC) and Philadelphia have refused to honor the Delaware County plea agreement, (4) he is "virtually unable to obtain Notes of Testimony of December 5, 2007, guilty plea proceedings, Sentencing Orders, and terms of negotiated plea

agreement;[1] and (5) DOC has failed to properly credit him for periods while in custody.

The court held argument on April 23, 2015 and denied the petition the following day. On appeal, Franklin raises the following issues for our review:[2]

1. Whether [the] habeas court erred in fail[ing] to grant discovery request for [the] December 5, 2007, guilty pleas notes of testimony.

2. Whether [the] habeas court erred in fail[ing] to grant custody credits for the [period] in county custody, prior to Petitioner's transfer to the Department of Corrections.

Appellant's Brief, at 4.

As a preliminary matter, we reject the Commonwealth's position that the court lacked jurisdiction to consider any of the claims raised in the Petition. In **Commonwealth v. Perry**, 563 A.2d 511 (Pa. Super. 1989), this Court held that with respect to a challenge to credit for time served:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to the ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and or correction of the sentence imposed.

---

[1] Petition for Writ of Habeas Corpus, 12/29/14, at 6.

[2] The decision to grant or deny a petition for habeas corpus will be reversed only for a manifest abuse of discretion. **Commonwealth v. Giusto**, 810 A.2d 123, 125 (Pa. Super. 2002).

It [is] only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Perry***, ***supra*** at 512-13.

Because Franklin essentially sought clarification of his Delaware County sentence, he properly raised the issue in a habeas corpus petition.

The trial court engaged in a thorough review of the guilty plea transcript and concluded, "it is clear that the Commonwealth has not refused to honor the terms of the negotiated guilty plea, and that [Franklin] understood his sentence." Trial Court Opinion, 7/21/15, at 2. Our independent review of the transcript and the certificate of imposition of judgment of sentence confirms there was no agreement that Franklin's sentence would run concurrently with any sentence to be imposed on the pending Philadelphia charges.[3]

Because this issue was properly before the court, the court had jurisdiction to consider Franklin's request to obtain the transcript of his December 5, 2007 guilty plea proceeding. Upon review, the trial court

---

[3] We note that Franklin does not raise the concurrent sentence issue in the statement of question involved or in the argument section of his brief. The only reference appears in the summary of argument where Franklin states that his negotiated plea agreement included a sentence "to run concurrent upon conviction of pending charge[s] in Philadelphia County." Appellant's Brief, at 6. Because the issue was not otherwise raised in Franklin's brief, it is waived. ***Commonwealth v. Smith***, 567 A.2d 1070, 1072 n.1 (Pa. Super. 1989) (issues raised in summary of argument but not addressed in argument in chief waived).

determined that Franklin was not entitled to the transcript because one had been provided to Franklin's first PCRA counsel who reviewed it before filing his **Turner**/**Finley** letter. **See Turner**/**Finley** Letter, 1/21/09, at 1. We discern no abuse of discretion in this decision, and accordingly affirm the trial court.

Franklin next asserts that the trial court erred by failing to grant credit for time that he was in custody. We disagree because the trial court did not have jurisdiction to consider the claim. "A challenge to DOC's computation or construction of a sentence is not a cognizable claim under the PCRA. Rather, if the alleged error is the result of DOC's erroneous computation, then the appropriate mechanism for redress is an original action in [the Commonwealth] Court challenging DOC's computation." **Allen v. Com., Dept. of Corrections**, 103 A.3d 365, 373 (Pa. Cmwlth. 2014).

Order affirmed.

Judge Donohue joins the Memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2015