J-A22025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANK M. BAZZANO AND NICHOLA A. BAZZANO, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 99 WDA 2024 |
| DAVID SPADE | : | |

Appeal from the Judgment Entered January 10, 2024
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s): 1247 of 2020

BEFORE: McLAUGHLIN, J., KING, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED:  December 23, 2024**

Frank M. and Nichola A. Bazzano (collectively "the Bazzanos") appeal from the judgment awarding them $7,500 in damages. They challenge evidentiary rulings. We affirm.

Appellee David Spade struck Frank with his vehicle while Frank was walking through a parking lot. Spade entered a guilty plea to simple assault and recklessly endangering another person ("REAP"), misdemeanors of the second degree, related to this incident.

The Bazzanos filed a complaint alleging negligence and loss of consortium. Spade filed a motion *in limine* to preclude evidence or testimony regarding the guilty plea. He stated that he had admitted fault for the accident in the civil suit and therefore the only issue before the jury was the Bazzanos' damages. He thus argued that evidence of the guilty plea would be more

prejudicial than probative. Spade also filed a motion to preclude use of two driving under the influence ("DUI") convictions – one from 2009 and one from 2018.[1]

The Bazzanos filed a motion to amend the complaint, seeking to assert a claim for punitive damages. Further, in response to Spade's motion *in limine* to preclude evidence of the guilty plea, the Bazzanos argued that, because of the guilty plea, Spade was estopped from denying he was reckless. They cited in support **Hurtt v. Stirone**, 206 A.2d 624 (Pa. 1965).

Following a hearing on the motions, the court granted the Bazzanos' motion to amend the complaint. It also granted Spade's motions to preclude evidence of his past convictions and of his guilty plea.

The Bazzanos filed a motion to reconsider, alleging the guilty plea should be admitted as an admission against interest. The trial court denied the motion.

During a November 2023 jury trial on damages, Spade's medical expert testified, via deposition, that Frank's medical records showed that he did not complain about his left knee pain until 11 months after the accident. The Bazzanos sought to introduce a medical record that showed Frank made complaints of left knee pain 11 days after the accident. The court did not admit the medical record, reasoning counsel had not objected at the deposition or

---

[1] The motion *in limine* regarding the DUI convictions is not in the certified record, but the Bazzanos filed a response and the parties and court discussed it at the hearing. Our review is not hampered, and we decline to find waiver.

requested to include any document. The court also pointed out that the cross-examination of the expert elicited that Frank mentioned his knee in a medical record from 11 days after the accident. N.T. of Excerpt of Trial, Nov. 9, 2023, at 2-3. The court stated, "You can't just put a doctor's report in now with no doctor." *Id.* at 3.

The jury awarded the Bazzanos $7,500 and no punitive damages. The Bazzanos filed a post-trial motion, which the trial court denied. The Bazzanos appealed.

The Bazzanos raise the following issues:

> I. Whether the trial Judge erred as a matter of law in that she prevented [the Bazzanos] from introducing evidence that [Spade] pleaded guilty to a charge of [REAP] arising from the same facts giving rise to this civil action[.]
>
> II. Whether the trial Judge abused her discretion in that she precluded [the Bazzanos] from introducing evidence of [Spade's] two prior DUI convictions to demonstrate [Spade] had a habit and pattern of recklessness while operating a motor vehicle[.]
>
> III. [Whether t]he trial Judge abused her discretion in that she denied [the Bazzanos'] request to introduce medical records regarding complaints and treatment for his left knee 11 days after the incident giving rise to this action to impeach the credibility of [Spade's] expert medical witness who maintained that [Frank] did not make complaints or seek treatment for his left knee for a period of eleven months after the incident[.]

The Bazzanos' Br. at 7.

The Bazzanos challenge evidentiary rulings. "The admissibility of evidence is within the sound discretion of the trial court, and we will not overturn its decisions in this regard absent an abuse of discretion or

- 3 -

misapplication of law." **Kimble v. Laser Spine Inst., LLC**, 264 A.3d 782, 795 (Pa.Super. 2021) (*en banc*). "An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden." **Id.** (quoting **SLT Holdings, LLC v. Mitch-Well Energy, Inc.**, 217 A.3d 1248, 1251 (Pa.Super. 2019)).

In their first issue, the Bazzanos argue the court erred in not allowing them to submit proof of Spade's guilty plea to REAP, which was based on the same facts that gave rise to the civil law suit. They argue a guilty plea is "independently admissible in a civil action as an admission against interest and/or collateral estoppel." The Bazzanos' Br. at 10. The Bazzanos argue that the court allowed them to amend their complaint to allege punitive damages based on recklessness and it therefore defied the law and logic to not permit them to admit into evidence the guilty plea. They argue the court "deprived [the Bazzanos] of the most salient proof of their claims: the admission of [Spade] himself." **Id.** at 11.

The Bazzanos claim the guilty plea would have precluded Spade from introducing evidence of Frank's contributory or comparative negligence and would establish the basis for their punitive damages claim. The Bazzanos note that if the evidence revealed Spade acted with recklessness, then he would be barred from raising a defense of contributory negligence. They further note that punitive damages can be awarded in Pennsylvania when the defendant

acted with reckless indifference and bad faith. The Bazzanos rely on **Hurtt**
and **Vetter v. Miller**, 157 A.3d 943 (Pa.Super. 2017), to support their
argument.

In **Hurtt**, the Pennsylvania Supreme Court addressed whether, "[i]n a
civil suit against a convicted extortioner to recover the extorted money,. . .
proof of the conviction of the extortion [is] conclusive evidence of the fact of
extortion[.]" 206 A.2d at 625. It held the conviction was conclusive evidence
of extortion. The court reasoned:

> The defendant was presented with more than ample
> opportunity to overcome the charges lodged against him
> while he was swathed in a cloak of presumed innocence. His
> case was twice presented to a federal jury which found him
> guilty of extortion beyond a reasonable doubt, upon the
> same facts which are now urged as the basis for his civil
> liability. To now hold that the effect of those jury
> determinations is *nil* not only would be to fly in the face of
> reason, but also would be a general indictment of the whole
> American jury system. We are not now prepared to say that
> the mere technical effect of the doctrines of res judicata and
> collateral estoppel regarding identity of parties is sufficient
> to overcome the policy which requires us to give conclusive
> effect to the prior conviction herein. The defendant should
> not now be heard to deny that which was established by his
> prior criminal conviction, without proof that his conviction
> was procured by fraud, perjury or some manner of error now
> sufficient to upset the conviction itself. Defendant has had
> his day in court and has failed to instill even a reasonable
> doubt in the collective mind of his then jury. No valid reason
> exists why he should be given a chance to try his luck with
> another jury.

*Id.* at 626-27. The Court "recognize[d] a valid existing distinction in cases
involving the record of conviction of relatively minor matters such as traffic
violations, lesser misdemeanors, and matters of like import," noting that

"expediency and convenience, rather than guilt, often control the defendant's 'trial technique.'" *Id.* at 627. It pointed out that, "[i]n such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction." *Id.* The Court reasoned that, where there has been a jury trial in a major criminal case, it would be "incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty." *Id.*

In *Cromley v. Gardner*, 385 A.2d 433 (Pa.Super. 1978), this Court held that the defendant's guilty plea to DUI was admissible as an admission against interest. The Court noted that the defendant had faced a $500 fine and three year's incarceration, which "constitute[d] a significant deprivation of property and liberty." *Id.* at 436. It pointed out that "although [the defendant] employed a practical strategy in pleading, insofar as he precluded the possibility of a more severe penalty, he was still risking considerable interests in his liberty and property." *Id.*

In *Vetter*, the plaintiff had pleaded guilty to DUI and driving with a suspended license. We found the trial court erred in admitting the driving with a suspended license plea in the ensuing civil action, but concluded that the DUI plea was admissible as a statement against interest. *Vetter*, 157 A.3d at 950.

Here, the trial court reasoned the Bazzanos relied on **Hurtt** "to support the use of the criminal conviction for the purpose of establishing [Spade's] reckless behavior," and found **Hurtt** "distinguishable, as the ruling involved a felony conviction that occurred after a trial, not a misdemeanor that was the result of a guilty plea." Order, Oct. 3, 2023, at 1-2. We see no abuse of discretion. To the trial court's comments, we add that Spade admitted liability and the jury was tasked only with determining damages. Any relevance the conviction would have had as a statement against interest would have been outweighed by its prejudicial effect. **See** Pa.R.E. 403 (providing court may exclude evidence where probative value is outweighed by danger of unfair prejudice). We therefore conclude the trial court did not abuse its discretion.

The Bazzanos next argue the trial court erred and abused its discretion in refusing to admit into evidence Spade's DUI convictions, which they argue would have established Spade's habit and pattern of recklessness. They argue Spade admitted his recklessness in this case and the recklessness was "in conformity with his past actions demonstrating recklessness, *i.e.*[,] driving while intoxicated." The Bazzano's Br. at 14. They rely on Pennsylvania Rule of Evidence 406 and **Commonwealth v. Giusto**, 810 A.2d 123 (Pa.Super. 2002). They further argue that although one conviction was more than ten years old, its probative value outweighed the prejudicial effect. They argue that recklessness was a necessary element of punitive damages.

Under Rule 406, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with

the habit[.]" Pa.R.E. 406. "The concept[] of 'habit' . . . denote[s] conduct that occurs with fixed regularity in repeated specific situations." *Id.* at comment.

The trial court denied the Bazzanos' request to admit Spade's two prior DUI convictions to demonstrate a habit of recklessness. It noted that there was no evidence Spade was under the influence of alcohol at the time of the accident. N.T., Sept. 26, 2023, at 8. It found that the evidence was not relevant and the prejudicial impact outweighed any potential relevance. *Id.*

This was not an abuse of discretion. Two prior DUI convictions do not demonstrate a "habit" of driving recklessly under Rule 406. Further, *Giusto* is inapposite. There, this Court concluded that the Commonwealth could rely on acts that occurred in other states to prove the "course of conduct" element of stalking. 810 A.2d at 127. The case did not address whether prior DUI convictions are admissible as habit evidence in a civil trial. We further conclude the court did not abuse its discretion in concluding that the prejudicial impact of the prior convictions outweighed any potential relevance.

The Bazzanos next argue that the court erred in refusing to admit rebuttal evidence bearing on the credibility of Spade's medical expert. They note that the medical expert acknowledged Frank's calf injury but said that any injury to the knee was unrelated to the collision because Frank allegedly did not complain of knee pain until 11 months after the collision. The Bazzanos point out that on cross-examination, the expert admitted he had listed in his report that he reviewed a record from 11 days after the collision where Frank had complained of and sought treatment for his knee. At the close of Spade's

case, the Bazzanos sought to introduce the medical record. They claim the court abused its discretion when it did not admit the record.

The trial court denied the Bazzanos' request to use medical records to impeach the credibility of Spade's expert medical witness about the treatment of Frank's knee. The court reasoned that the Bazzanos had a full and fair opportunity to cross-examine the medical expert on his knee treatment. Order, Nov. 27, 2023, at ¶ 3. It further noted the testimony was via videotaped deposition and therefore the Bazzanos knew how Spade was going to respond to the cross-examination, and could have had a proper rebuttal prepared by having the Bazzanos' expert available to testify. *Id.* The court noted the Bazzanos did not request the rebuttal testimony, instead asking only for the admission of medical records that had not been previously admitted through the expert. *Id.* The court stated that the Bazzanos did not provide a legal basis for the admission and did not lay a proper foundation. *Id.*

This was not an abuse of discretion. The court did not err in finding the Bazzanos conducted cross-examination on this point and had not followed proper procedure in attempting to admit the medical record as rebuttal evidence.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  12/23/2024